UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL SANCHEZ,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>R.Q. REALTY MGT. LTD. and RAUL QUIROZ,<br><br>                Defendants. | Case No.:<br><br><br>**COMPLAINT** |

Plaintiffs RAFAEL SANCHEZ ("Plaintiff" or "Mr. Sanchez") by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants R.Q. REALTY MGT. LTD. ("R.Q. Realty") and RAUL QUIROZ ("Defendant Quiroz") (R.Q. Realty and Defendant Quiroz are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Defendant R.Q. Realty is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 995 Amsterdam Avenue, New York, New York 10025

4.      Upon information and belief, at all times relevant hereto, the R.Q. Realty has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Upon information and belief, Defendant Quiroz resides in the State of New York and is an owner, manager and/or employee of R.Q. Realty

9.      R.Q. Realty is a building management company servicing apartment buildings in Manhattan and the Bronx.

10.      Upon information and belief, Defendant Quiroz is a principal and officer R.Q. Realty.

11.      Upon information and belief, Defendant Quiroz is the Chief Executive Officer of R.Q. Realty.

12. Defendant Quiroz manages R.Q. Realty's employees, and hires and fires them, set their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

13. Plaintiff has been employed by Defendants to work as a superintendent within the last six (6) years.

14. Defendant Quiroz is engaged in business in the City of New York, County of New York. Defendant Quiroz is sued individually in his capacity as an owner, officer, employee, and/or agent of R.Q. Realty.

15. Defendant Quiroz exercises sufficient operational control over the R. Q. Realty's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

16. Defendant Quiroz, as one of the ten largest shareholders of R.Q. Realty, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

18. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

i. Defendants' failure to pay proper minimum wage compensation required by federal and state law and regulations to Plaintiff;

ii. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week; and

iii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

19. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

20. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

### A. Plaintiff's Schedule and Pay.

21. Plaintiff worked for Defendants as a superintendent from 2015 until his termination on August 19, 2018.

22. Plaintiff was responsible to maintain the 56 apartments located at 728 West 181st Street, New York, New York 10033, which was the building he superintended.

23. From the beginning of Plaintiff's employment in 2015 until August 19, 2018, Plaintiff worked Monday through Saturday.

24. Plaintiff's schedule was from 6:00 a.m. or 6:30 a.m. until 6:00 p.m. with an hour lunch break.

25. Plaintiff also worked on Sundays in case of an emergency.

26. In addition, Plaintiff was expected to be on call 24 hours a day, seven (7) days a week.

27.     During the beginning of Plaintiff's employment, Defendants paid Plaintiff $450.00 a week for all hours worked.

28.     Within the first year of Plaintiff's employment, Defendants raised Plaintiff's pay to $650.00 a week for all hours worked.

29.     Plaintiff's pay remained at $650.00 a week until his termination.

30.     Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

**B. <u>Additional Wage Violations Affecting Plaintiff.</u>**

**1.  Notice and Recordkeeping Violations.**

31.     Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

32.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

33.     Defendants also did not provide Plaintiff with a paystub specifying his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

34.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Minimum Wage Violations)**

35.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

37.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Wage Violations)**

38.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

40.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

41.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Failure to Notify)**

42.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

44. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay and his hours worked.

45. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

46. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

E. Any relief the Court deems just and proper.

Dated: June 19, 2019
      New York, New York                      Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**


TO:      R.Q. REALTY MGT. LTD.

PLEASE TAKE NOTICE that RAFAEL SANCHEZ, as an employee of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

THEY ALSO HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       June 19, 2019


FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   RAUL QUIROZ

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that RAFAEL SANCHEZ, on behalf of himself and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of R.Q. REALTY MGT. LTD., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

　　　Dated: New York, New York
　　　　　　June 19, 2019

　　　　　　　　　　　　　　　　　FISHER TAUBENFELD LLP

　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　Michael Taubenfeld
　　　　　　　　　　　　　　　　　225 Broadway, Suite 1700
　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　Phone: (212) 571-0700
　　　　　　　　　　　　　　　　　Facsimile: (212) 505-2001
　　　　　　　　　　　　　　　　　*ATTORNEYS FOR PLAINTIFFS*